IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Henry J. McGill, ) | C/A No.: 4:07-1835-JFA-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| Stan Burtt, Warden of Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, Henry J. McGill, is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections. He is serving a life sentence for kidnaping, criminal sexual conduct, and assault and battery. Petitioner initiated this action pursuant to 28 U.S.C. § 2254 seeking habeas relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant respondent's motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

summary judgment[2] and deny the habeas petition without an evidentiary hearing. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 3, 2008. The plaintiff filed a timely objection memorandum[3] to the Report.

### GROUND ONE

The petitioner's first ground is that counsel failed to investigate petitioner's alibi witness and failed to argue that the petitioner was prejudiced by the State's long delay in bringing him to trial when the alibi witness died during the delay. The respondent contends that the petitioner has not shown that trial counsel was deficient or that petitioner was prejudiced.

The Magistrate Judge reviewed petitioner's claim under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Magistrate noted that the PCR court found petitioner's claim as to his alibi witness was not credible, and that trial counsel was not

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did respond to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

deficient for failing to contact an alleged alibi witness whose real name the petitioner did not even know. Further, the Magistrate Judge suggests that there is no prejudice to the petitioner from trial counsel's alleged failure to timely argue the death of his alibi witness as a ground for a speedy trial violation. Petitioner testified at the PCR hearing that the deceased alibi witness was only one of his alibis, yet petitioner failed to show that any of his other alibi witnesses could not be located for trial. Moreover, the petitioner has failed to present any evidence that the deceased alibi witness would have testified favorably for him. Petitioner's claim of ineffective assistance of counsel is without merit.

In addition, the Magistrate Judge concludes petitioner's claim that trial counsel was ineffective in failing to argue that the State prejudiced him by the delay in trial is procedurally barred because it was not raised to or ruled on by the PCR court, nor did petitioner file a Rule 59(e) motion in state court. Petitioner cannot now raise this ground for the first time in a federal habeas petition. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997). Further, the petitioner has failed to show sufficient cause and actual prejudice to overcome his procedural default. *Murray v. Carrier*, 477 U.S. 478 (1986). Accordingly, this claim is procedurally barred.

GROUND TWO

In Ground Two, petitioner alleges that his due process rights were violated when the trial judge erred in denying petitioner's motion to dismiss the indictment due to a violation of his right to a speedy trial. This issue was raised in petitioner's direct appeal and the South

3

Carolina Court of Appeals affirmed the state judge's denial of the motion.

The Magistrate Judge notes that the South Carolina Court of Appeals properly considered each of the four factors set out in *Barker v. Wingo*, 407 U.S. 514 (1972) in its conclusion that the trial court did not err in denying the motion. The Magistrate Judge further opines that the state court decision was not contrary to, nor an unreasonable application of federal law. The undersigned agrees with the Magistrate Judge that this claim should be dismissed.

### GROUND THREE

In Ground Three, petitioner alleges a violation of due process of law when the trial judge erred in refusing to remove a juror seated in violation of *Batson v. Kentucky*. In his response to the respondent's motion for summary judgment, petitioner concedes this issue because of recent "case law that deflates this issue." The court will not address this claim as petitioner appears to have abandoned this issue.

### GROUND FOUR

In Ground Four, petitioner alleges that his due process rights were violated when the trial court admitted evidence of a prior bad act which was not the subject of his conviction. Specifically, the petitioner contends the trial judge erred when he admitted testimony regarding the petitioner's rape of another woman. Under Rule 404(b), S.C.R.E., the State offered this evidence to show a common scheme or plan. The Court of Appeals affirmed the trial court's decision to admit the evidence noting the similarities found by the trial court in

describing the petitioner's modus operandi.

The respondent argues, and the Magistrate Judge concurs, that this issue is procedurally barred because the petitioner has not exhausted his state remedies as to this claim. The Magistrate Judge suggests that the petitioner failed to exhaust a constitutional claim in state court because he failed to explicitly put forth, in federal terms, the constitutional basis for his claim so that the state court could review it. The claim that petitioner presented to the state courts is that the trial court erred in admitting prior bad acts. This is a question of state law and is not cognizable in these proceedings. The Magistrate Judge suggests this claim is procedurally barred and the petitioner cannot show sufficient cause and actual prejudice to overcome the default. The undersigned agrees.

In his sixteen-page objection memorandum, the petitioner recites the Magistrate Judge's Report and Recommendation. Not until the end of his memorandum does the petitioner specifically argue that "the record reflects that the petitioner has exhausted all of his remedies and therefore have [sic] a right to be in the federal courts, and the right to raise the issues that has [sic] been raised thus far..." As the objections are clearly unspecific and without merit, the court will overrule petitioner's objections and deny this claim.

After a careful review of the record, the applicable law, the Report and Recommendation and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the respondent's motion for summary judgment is granted in its

5

entirety and the petition is denied.

    IT IS SO ORDERED.

May 28, 2008
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge